IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KYLE RAYOME, | ) | |
| | ) | |
| Plaintiff, | ) | No. 21 C 2639 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| ABT ELECTRONICS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

"Relevant information need not be admissible at the trial if the discovery appears
reasonably calculated to lead to the discovery of admissible evidence."
*Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004).

"The standard for relevance [in discovery] is most often viewed quite liberally so as to allow
for broad disclosure of information."
*General Electric Co. v. NLRB*, 916 F.2d 1163, 1168 (7th Cir. 1990)[1]

### INTRODUCTION

The Amended Complaint in this case alleges that for many years Kyle Rayome was an extremely successful salesman for Abt Electronics, one of the nation's largest sellers of electronic equipment and household appliances. According to the Amended Complaint, Mr. Rayome's son developed a very serious illness requiring Mr. Rayome's frequent absences from work so that he could help care for his son and take him to necessary medical appointments. It is alleged that despite all this, and despite Mr. Rayome's contributions to Abt's success as one of its most productive salesmen over the past two decades, he was severely mistreated by Abt and subjected to any number

---

[1] *See Hickman v. Taylor,* 329 U.S. 495, 507 (1947); *Felder v. Vertex Modernization*, 2024 WL 1505503 at *2 (7th Cir. 2024); *In re Abubakab*, 696 F.Supp.3d 479, 486-87 (N.D.Ill. 2023).

of indignities, culminating in his being fired. It is alleged that this conduct was violative of the FMLA, ADA, and the Illinois Human Rights Act. [Dkt. #43]. Abt has vigorously denied Mr. Rayome's charges. (Dkt. #47).

During discovery, Abt subpoenaed National Lewis University, seeking the production of records relating to Mr. Rayome's attendance at the University following the period of his employment at the company he worked for after being fired by Abt. In Abt's view, the requested information was "relevant" to Mr. Rayome's claim in the Amended Complaint for damages for emotional distress, even though, according to Mr. Rayome, it was limited to the period *preceding* his attendance at the University. Insisting that the subpoena therefore sought information and documents "that bear no relevance whatsoever to the claims and defenses raised in this case," [Dkt. 125 at 4, ¶ 19], Mr. Rayome has moved to quash the subpoena. His motion stresss that the requirement of Rule 26(b)(1) that the materials sought in discovery be "relevant" should be firmly applied, and that judges should not hesitate to exercise appropriate control over the discovery process. *See Bierk v. Tango Mobile, LLC*, 2021 WL 1837376, at *1 (N.D. Ill. 2021). But acceptance of those obvious principles does not decide the questions raised by Mr. Rayome's Motion. *Cf. Lochner v. New York*, 198 U.S. 45, 76 (1905)(Holmes, J., dissenting)("general principles do not decide concrete cases.").

As we discuss below, relevance in discovery in civil (or criminal) cases is a relational, not merely or exclusively, a temporal concept limited by the period chosen in a Complaint. *See generally Bitler v. A.O. Smith Corp.*, 391 F.3d 1114 (10th Cir. 2004); *Johnson v. Big Lake Shore, Inc.,* 2008 WL 2191305 (E.D.La. 2008); *Morris v. Good Year Tire & Rubber Co.*, 2004 WL 5522851 at *2 (W.D.Okla. 2004). A matter may well have occurred outside the temporal framework of a Complaint and still be relevant. A simple example would be a confession or inculpatory statement regarding an

event in a Complaint. No one could say the "confession" was irrelevant merely because it may have occurred *after* the events adumbrated in a Complaint.

For the reasons discussed below, Mr. Rayome's Motion [Dkt. #125] is denied.

**I.**

Mr. Rayome's Complaint alleges that his highly successful, long time employment with Abt ended involuntarily at the end of March, 2021. Two years later, he was also apparently released by Nextech, his subsequent employer. During his deposition in the instant case, Mr. Rayome explained that after leaving Nextech he made the decision to return to school on a full time basis and to pursue a career in family counseling. Thus, in August, 2023, when his unemployment benefits ended, he stopped searching for another job. [Dkt. #129 at 2]. Abt insists that despite requests from its counsel as to whether Mr. Rayome was still seeking emotional distress damages from Abt for the period after his employment with Nextech ended, it did not receive an answer.

During discovery, Abt subpoenaed records from National Lewis University regarding Mr. Rayome's attendance at the University, contending that the information sought was "relevant" to Mr. Rayome's claim against Abt for intentional infliction of emotional distress. Mr. Rayome objected to the subpoena, insisting that the evidence was "irrelevant" since his claim for emotional distress damages did not include the period of time when he attended the University. Abt nonetheless refused to withdraw the subpoena, and on instructions from Mr. Rayome's counsel, the University did not respond to the subpoena. Mr. Rayome then submitted an amended interrogatory response, which, according to Abt, changed the initial representation of not seeking "any damages" after March 31, 2023, to one claiming that he was only waiving his claim for "lost wages" after March 31, 2023. Abt informed Mr. Rayome that, in its view, this did not necessitate withdrawal of the subpoena because,

3

as Abt saw it, since Mr. Rayome was still seeking emotional distress damages, the information sought was "relevant" to that claim.

Mr. Rayome's Motion to Quash argued that since Mr. Rayome "is not seeking compensatory damages after March 31, 2023," the University records were not "relevant." (Dkt. # 125). There followed a series of conferences between counsel regarding the damage claim. Abt contended that it was willing to withdraw the subpoena if Mr. Rayome would stipulate that he was not seeking damages against Abt for both lost wages *and* emotional distress during the timeframe subsumed in Abt's subpoena. Mr. Rayome would only agree, however, that he would withdraw the lost wages claim, but not the claim for emotional distress. Thus, in Abt's view, the records sought by its subpoena were "relevant" under the undeniably broad meaning of that term.

For purposes of resolution of Mr. Rayome's motion, we assume that the Amended Complaint does not seek emotional distress damages for the period when he was enrolled at the University. But that does not mean the information Abt has subpoenaed is not "relevant" and that Mr. Rayome's motion should be granted.

**II.**

That the claim for damages for emotional distress in the Amended Complaint may not cover the period in which Mr. Rayome was enrolled at National Lewis University as a full time student, does not determine the correctness of Mr. Rayome's contention that the school's records are nota proper subject of discovery. The contention that they are not "relevant" is based on an improperly narrow and restrictive reading of Rule 26(b)(1)'s requirement of "relevancy."

It is fundamental that the federal discovery rules have an expansive reach in order to assist in

4

the preparation for trial and settlement of cases. *Bond v. Utreras,* 585 F.3d 1061, 1075 (7th Cir. 2009). But they are not without limits, and relevancy is perhaps the most important of those limits. *Herbert v. Lando,* 441 U.S. 153 (1979); *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 352 (1978); *Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir.2002); *Uppal v. Rosalind Franklin University of Medicine and Science,* 2015 WL 5026228 (N.D.Ill.2015). Under Rule 26(b)(1), parties may obtain discovery regarding any non-privileged matter that is "relevant to any party's claim or defense...." Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.[2] It cannot be too strongly stressed that at the discovery stage, the concept of "relevant" evidence under Rule 26(b)(1) is broader than it is at trial under Rule 401 of the Federal Rules of Evidence. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 587 (1993).

Consequently, evidence need not necessarily be admissible to be discoverable prior to trial. *United States v. Marks,* 816 F.2d 1207, 1211 (7th Cir.1987). All that need be shown is that the evidence relates to an event pled in the Complaint or otherwise appears reasonably calculated to lead to the discovery of admissible evidence. *See* Rule 26(b)(1). It follows then that merely because Mr. Rayome may not be seeking emotional distress damages for the period during which he attended National Lewis University is not determinative of whether the information subpoenaed by Abt satisfies Rule 26(b)(1)'s requirement of relevancy.[3] The question is whether the information that is

---

[2] Suppose, for example, a plaintiff makes an admission regarding a relevant fact in a Complaint long after the event discussed in the Complaint occurred. This admission does not cease to be relevant merely because it came after the time period in the Complaint.

[3] As with all discovery matters, district courts have broad discretion in deciding discovery and relevancy questions. *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013); *Peals v. Terre Haute*
(continued...)

5

being sought – here the information in the records of National Lewis University – might bear on a claim raised in a Complaint – here the claim of emotional distress allegedly caused by Abt's firing. If that question can be answered in the affirmative, the challenged information is relevant and thus discoverable.

Events that might show that a plaintiff – like Mr. Rayome – was thriving after a period during which it was claimed that a defendant's conduct had caused emotional distress would arguably be *relevant* to assessing the validity of the claim. As Dean McCormick has put it: a relevant fact need not prove the entire case: "[a] brick is not a wall." 1 McCormick on Evidence § 185 (6th ed.2009). And matters of credibility undeniably fall within the scope of Rule 26. *Leung v. Unum Life Ins. Co. of Am.*, 2023 WL 4056041, at *6 (S.D. Cal. June 15, 2023); *Walinbay S.A. v. Fresh Results LLC*, 2014 WL 1267170, *5-6 (S.D.Fla. 2014); *Moore v. PlasmaCare, Inc.*, 2012 WL 602623, 1 (S.D.Ind. 2012). Thus, information that may be contained in National Lewis University's records pertaining to Mr. Rayome may ultimately prove to be of no value, either direct or circumstantial, to Abt. But that does not mean that for purposes of discovery the records are not "relevant" to Mr. Rayome's claim of emotional distress even though that claim does not include the period of time when Mr. Rayome was enrolled at the University.

Events occurring at Mr. Rayome's deposition, illustrate the point. At his deposition, Mr. Rayome testified that he was not suffering emotional distress related to his employment with Abt

---

³(...continued)
*Police Dept.*, 535 F.2d 621, 629 (7th Cir. 2008); *Prater v. Alliance Coal LLC*, 2023 WL 6158831 (S.D.Ind. 2023). Exercise of that discretion is reviewable for abuse, which only occurs "when no reasonable person could take the view of the district court." *United States v. Re*, 401 F.3d 828 832 (7th Cir. 2005). *See also Paske v. Fitzgerald,* 785 F.3d 977, 983 (5th Cir.2015); *Ossola v. American Express Co.*, 2015 WL 515712, *4 (N.D.Ill. 2015).

*after* July 2021, which was during the period he was enrolled at National Lewis University. Thus, he reasoned, the events occurring at National Lewis were not "relevant" to his claim against Abt. When Mr. Rayome was questioned about his claim for emotional distress his counsel objected on the ground that the question called for a legal conclusion, stating "so, you know, to answer that, you're asking a much larger psychological question that doesn't have a yes or no answer." But, as Abt has correctly noted, the question did not seek or require a psychological analysis. It merely sought "relevant" information – that is, information that might tend to show that Mr. Rayome was functioning quite well following the period in which he was claiming emotional distress, and that such functioning – at least in Abt's view – might bear upon his claim of emotional suffering. To claim one is significantly affected emotionally at a certain point in time, but nonetheless can, at another point, attend college and perhaps function quite well – if the University records support such a thesis – is something that might arguably bear upon Mr. Rayome's claim for emotional damages.

Mr. Rayome's argument in support of the Motion to Quash has perhaps inadvertently conceded the "relevance" of the information being sought by Abt's subpoena. It argues that Abt would be "free to make [the] argument to a jury, should this case reach that stage," that "school is inherently stressful" without going through what Mr. Rayome characterizes as the "invasive and unnecessary process of reviewing plaintiff's class schedule, what grades he was making, and what emails he may have received from the University regarding his acceptance." [Dkt. #125 at ¶ 29].[4]

But of course, no party – Abt included – is required by the Federal Rules of Civil Procedure to forego *discovery* of potential evidence that might support – or undercut – an argument at trial

---

[4] Of course, the records may not contain information of arguable significance. But they may. That is undoubtedly why Abt sought them in discovery.

merely because his opponent contends that an *argument* at trial would be a sufficient substitute for the discovery being sought. It must not be forgotten that argument is never a substitute for proof. *ZMI Corp. v. Physio-Control Corp.*, 887 F.2d 1094, *1 (Fed. Cir. 1989); *City of Miami Gardens v. Wells Fargo,* 956 F.3d 1319, 1327 (11th Cir. 2020); *Davis v. Michigan Dept. of Corrections*, 2009 WL 2611223 (W.D.Mich. 2009); *In re Hedrick*, 2005 WL 6952245, *4 (N.D.Ga. 2005); *In re Lodge Am., Inc.*, 239 B.R. 580, 583 (Bankr. D. Kan. 1999); *ZMI Corp. v. Physio-Control Corp.*, 887 F.2d 1094 (Fed. Cir. 1989); *Knowles Electronics v. United States*, 371 F.Supp. 1393 (Customs Court 1973).[5]

Since the University records Abt is seeking might contain information bearing upon Mr. Rayome's claim for mental distress, their "relevance" is beyond debate. One cannot say if, in fact, the records of National Lewis University will reveal anything that would support an argument favorable to Abt. But Rule 26(b)(1) of the Federal Rules of Civil Procedure permits discovery of the school files pertaining to Mr. Rayome to ascertain whether or not they do, and to enable Abt, if it chooses, to argue whatever is reasonably supported by the information in the records.

## CONCLUSION

The party "resisting discovery [here, Mr. Rayome] bears 'the burden to establish that the material [sought] either does not come within the scope of relevance or is of such marginal relevance that the potential harm resulting from production outweighs the presumption in favor of broad

---

[5] This is but a corollary of and flows from the more general principle that "saying so doesn't make it so." *United States v. 5443 Suffield Terrace, Skokie, Ill.,* 607 F.3d 504, 510 (7th Cir. 2010). *See also Guerrero v. BNSF Ry. Co.*, 929 F.3d 926, 929 (7th Cir. 2019). It never has. *See also Stromberg Motor Devices Co. v. Zenith Carburetor Co.*, 254 F. 68, 69 (7th Cir. 1918). *Accord Madlock v. WEC Energy Group, Inc.*, 885 F.3d 465, 473 (7th Cir. 2018); *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 770 (7th Cir. 2020); *Donald J. Trump for President, Inc. v. Secy of Pennsylvania*, 830 F. Appx 377, 381 (3d Cir. 2020). Even the Solicitor General's unsupported assertions are not enough. *Digital Realty Trust, Inc. v. Somers*, _U.S._, 138 S.Ct. 767, 779 (2018).

8

disclosure.'" *First Mercury Ins. Co. v. Babcock Enterprises, Inc.*, 2024 WL 3939604, at *7 (W.D. Ky. 2024). Mr. Rayome has not sustained that burden, and accordingly his Motion to Quash [Dkt. #125] is denied. Production and usage, however, shall be in accordance with the Confidentiality Agreement previously approved by Judge Blakely. [Dkt. #55, 56]. *See Felder v. Vertex*, 2024 WL 150550, *2 (7th Cir 2024); *S.E.C. v. Ahmed*, 72 F.4th 379 (2nd Cir. 2023).

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 9/9/24